UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE AMBERT,<br>FL DOC #A50783,<br><br>                                Plaintiff,<br><br>vs.<br><br>STEVEN C. STAFFORD, Marshal,<br>Southern District of California and U.S.<br>Marshal Service,<br><br>                              Defendant. | Case No.: 3:22-cv-00996-RBM-BLM<br><br>**ORDER GRANTING MOTION**<br>**TO PROCEED IN FORMA PAUPERIS**<br><br><br><br><br><br>**[Doc. 2]** |

## I.    INTRODUCTION

     Plaintiff Gene Ambert ("Plaintiff"), currently housed at the Blackwater River Correctional Facility, located in Milton, Florida, and proceeding pro se, has filed a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361. (Doc. 1). Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. 2.) For the reasons discussed below, Plaintiff's Motion to Proceed IFP is **GRANTED**, and the Court further finds Plaintiff's Petition for Writ of Mandamus is sufficient to survive an initial screening.

/ / /

/ / /

1

## II.   DISCUSSION

### A.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1]  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

577 U.S. at 84–85.

In support of his IFP Motion, Plaintiff's prison certificate shows he had an average monthly balance of $0.00 and average monthly deposits of $0.00 for the 6 months preceding the filing of this action, and an available balance of $0.00. (Doc. 2 at 4.)

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his prison certificate indicates he may have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")  Instead, the Court directs the Secretary of the Florida Department of Corrections, or his or her designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**B.    Screening**

Before service on defendants, all in forma pauperis complaints, not just prisoner complaints, must be screened to ensure that they are not frivolous or malicious, that they state a claim on which relief may be granted, and that they do not seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  The standard for adequately stating a claim is the same as the one that is applied under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

On July 6, 2022, Plaintiff filed a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361 requesting that the Court direct the U.S. Marshals Service to respond to Plaintiff's request for records under the Freedom of Information Act ("FOIA") and Privacy Act. (Doc 1 at 3.) Specifically, Plaintiff seeks public records related to Plaintiff's three arrests by the U.S. Marshals Service. (Doc. 1 at 6.) On August 5, 2022, Plaintiff filed a "motion for judicial notice," wherein he alleges that on July 20, 2022, the U.S. Marshals Service provided a non-responsive and/or incomplete version of a custody/detention report subject to the FOIA request. (Doc. 4.) Plaintiff alleges he is not satisfied with the U.S. Marshals' production of records, and thus, he contends his claim remains viable. (*Id.*) Plaintiff's requests are mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361. A district court may issue a writ of mandamus only if (1) plaintiff has a clear right to relief; (2) defendant's duty is ministerial and free from doubt, and (3) no other adequate remedy is available. *Johnson v. Reilly*, 349 F.3d 1149, 1143 (9th Cir. 2003). Mandamus is an extraordinary remedy, and district courts retain the discretion to deny relief, even if the test is met. *Id.*

The Ninth Circuit has held that with respect to FOIA claims, exhaustion of administrative remedies is a prudential consideration in determining whether the district court should exercise jurisdiction, rather than a jurisdictional prerequisite. *See Yagman v. Pompeo*, 868 F.3d 1075, 1083 (9th Cir. 2017). In the present case, the Court will not dismiss sua sponte Plaintiff's Petition for Writ of Mandamus, and will allow it to go forward, permitting Plaintiff to proceed in forma pauperis and authorizing service of the complaint and summons. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (explaining there is a "low threshold for proceeding past the screening stage"); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (finding that where the petitioner is pro se, courts have an obligation "to construe pleadings liberally and to afford petitioner

benefit of any doubt"). In so doing, the Court does not decide whether Plaintiff has exhausted administrative remedies, whether any failure to exhaust should be excused, and whether, if Plaintiff has failed to exhaust, the Court should in its discretion continue to exercise jurisdiction. The Court's sua sponte examination of the FOIA claim on screening under section 1915(e)(2) does not prevent the bringing of any motion authorized under Rule 12 of the Federal Rules of Civil Procedure.

Thus, the Court finds Plaintiff's Petition for Writ of Mandamus is sufficient to survive an initial screening.

### III.   CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. 2);[2]

(2) **ORDERS** the agency having custody of the prisoner's account or any subsequent "agency having custody" of Plaintiff to collect from Plaintiff's prison trust account the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). All payments should be clearly identified by the name and number assigned to this action.

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ricky D. Dixon, Secretary, Florida Department of Corrections, 501 South Calhoun Street,

---

[2] The Court acknowledges that "a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal." *See Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990); FED. R. CIV. P. 4(c)(3). However, in this case, Steven C. Stafford of the United States Marshals Service is the named defendant, and Rule 4 also explains that a party to a lawsuit may not perform service of process. FED. R. CIV. P. 4(c)(2). Thus, the Court does not direct service by the U.S. Marshals Service at this time. *See* FED. R. CIV. P. 4 ("[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court . . . .").

Tallahassee, Florida 32399-2500. ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

**IT IS SO ORDERED.**

DATE: August 9, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE