1
2
3
4
5
6              UNITED STATES DISTRICT COURT
7             SOUTHERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| 9  GENE AMBERT,<br>10  FL DOC #A50783,<br><br>11                               Petitioner,<br><br>12            vs.<br><br>13  UNITED STATES OF AMERICA;<br>UNITED STATES ATTORNEY<br>14  GENERAL M. GARLAND; UNITED<br>STATES MARSHAL SERVICE;<br>15  FEDERAL BUREAU OF<br>16  INVESTIGATION,<br><br>17                              Respondents.<br>18 | Case No.:  3:22-cv-00996-RBM-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION REQUESTING U.S. MARSHAL SERVICE OF AMENDED PETITION PURSUANT TO 28 U.S.C. § 1915(d)<br>AND Fed. R. Civ. P. 4(c)(3); AND**<br><br>**(2) GRANTING MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS PURSUANT TO<br>Fed. R. Civ. P. 4(i)(4), (m)**<br><br>**[Docs. 34, 37]** |

19
20

21         Presently before the Court is Petitioner Gene Ambert's ("Petitioner") "Motion
22  Requesting [Federal Rule of Civil Procedure] 4(c) Service by a Marshal" ("Motion
23  Requesting Service") (Doc. 34) and Motion for Extension of Time for Service of Process
24  ("Motion for Extension") (Doc. 37).  For the reasons discussed below, Petitioner's Motion
25  Requesting Service and Motion for Extension of Time are **GRANTED**.

26                    **I.      BACKGROUND**
27         On July 6, 2022, Petitioner filed a Petition for a Writ of Mandamus against
28  Respondent Steven C. Stafford, United States Marshal for the Southern District of

1

California. (Doc. 1.) Also on July 6, 2022, Petitioner filed a Motion to Proceed In Forma Pauperis ("IFP") (Doc. 2), which the Court granted on August 9, 2022 (Doc. 5). [1]

On September 8, 2022, Respondent Steven C. Stafford filed a Motion to Dismiss for Failure to State a Claim. (Doc. 9.) Petitioner subsequently filed a Motion to Amend Listing of the Defendants on November 9, 2022 contending that Petitioner had not included all defendants in his original filing. (Doc. 16.) Given that Petitioner is a pro se litigant and amendment would allow Petitioner to cure any deficiencies, on November 17, 2022, the Court granted Petitioner's Motion to Amend Listing of Defendants and Denied as Moot the Motion to Dismiss for Failure to State a Claim. (Doc. 21.) Afterward, on April 7, 2023, Petitioner filed a "Petition for Writ of Mandamus as Affidavit First Amended Complaint" ("First Amended Petition") asserting claims against the United States of America, U.S. Attorney General M. Garland, the U.S. Marshals Service, and the Federal Bureau of Investigation ("Respondents"). (Doc. 31.)

On May 15, 2023, Petitioner filed the instant Motion Requesting U.S. Marshal Service upon Respondents. (Doc. 34.) Plaintiff explains that "with [r]espect to the [U.S. Marshals Service] defendant . . . [Petitioner] will comply with [Federal Rule of Civil Procedure 4(d) [b]y [r]equesting a waiver from [the U.S. Marshals Service]." (*Id.* at 1.) Petitioner further contends he mailed a copy of his waiver request as to the U.S. Marshal Service upon the Civil Division of the U.S. Attorney's Office on April 7, 2023. (Doc. 37 at 2–6.)[2]  However, Petitioner requests the U.S. Marshal's assistance in serving his

---

[1] The Court notes that Petitioner filed a "Motion for Court's Appointment of Party to Serve Process for Summons and Complaint" on September 2, 2022. (Doc. No. 8.) Petitioner explains that, as a party to the lawsuit, the U.S. Marshals Service may be unable to serve themselves. (*Id.* at 1–2.) On November 15, 2022, the Court held a telephonic status conference to discuss whether the U.S. Marshals Service would be amenable to waiving service, and government counsel confirmed they would be amenable to waiving service due to the unique circumstances. (*See* Doc. No. 19.)

[2] Because Respondent Steven C. Stafford, Marshal, Southern District of California U.S. Marshal Service has already agreed to waive service of process, the U.S. Attorney for the

Amended Petition and summons upon the three newly-added Respondents (United States of America, U.S. Attorney General M. Garland, and the FBI) because "the Florida Department of Corrections . . . will not authorize payment of certified [or] registered mail fees." (Doc. 24 at 1.) Petitioner claims he has already "provide[d] 3 copies" of his Amended Petition, summons, and U.S. Marshal 285s Forms to the Civil Clerk of the U.S. Marshal's Office in San Diego via First Class U.S. Mail, but requires a Court ordering directing the Marshal to assist in effectuating service upon these new parties and an extension of time in which to do so. (Doc. 37 at 2–3.).

## II.   **DISCUSSION**

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). "The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases." 28 U.S.C. § 1915(d). As noted above, Petitioner was granted leave to proceed IFP in this case on August 9, 2022. (Doc. 5.)

However, a party requesting service by the United States Marshal "first must attempt service by some other means authorized by Rule 4." *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003); *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("before this court invokes the resources of the

---

Southern District of California has already entered an appearance on behalf of Stafford and the U.S. Marshal Service in this case (*see* Docs. 9, 19, 20), and petitioner served a copy of his Amended Petition upon the U.S. Attorney's Office via U.S. Mail on April 5, 2023, (*see* ECF Doc. No. 31 at 63 "Certificate of Service"), service of the First Amended Petition upon the U.S. Marshal Service need not comply with Rule 4. *See Emp. Painter's Trust v. Ethan Enters., Inc.,* 480 F.3d 993, 995–96 (9th Cir. 2007) ("an amended complaint can often be served in the same manner as any other pleading [under Fed. R. Civ. P. 5] if the original complaint is properly served [under Fed. R. Civ. P. 4] and the defendants appeared in the first instance."); *id.* at 999 ("by appearing in the action the party . . . may become vulnerable to service of claims for new or additional relief under the relatively informal methods set out in Rule 5(b).") (quoting 4B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, Civ. § 1144 (3d ed. 2002)).

government to effect service of process in this matter, plaintiff must first exert some effort to complete service."). "[C]ourt orders directing service by marshal should not be issued unless they really are necessary." *Cathy v. Palma*, 2023 WL 322495, at *3 (S.D. Cal. Jan. 19, 2023), *reconsideration denied*, 2023 WL 3213857 (S.D. Cal. May 2, 2023). Thus, a Rule 4(c)(3) application "should set forth whatever steps to serve process already have been taken," and "provide a factual basis for why a court order is necessary to accomplish service." 4A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, Civ. § 1090 (4th ed.); *see also Hollywood v. Carrows California Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (quoting *Prosperous v. Todd*, No. 8:17-cv-996-T, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017)).

Here, the Court notes Petitioner attempted to effect service upon the U.S. Marshal Service via waiver, and upon newly the added Respondents (U.S., U.S. Attorney General M. Garland, and the FBI) on his own by simply placing copies of his Amended Petition, summons, and completed USM 285 Forms for each to the Civil Clerk at the U.S. Marshal's Office in San Diego via First Class Mail. (*See* Doc. 37 at 2–4.) He further claims he "attempted service by certified mail . . . but was not allowed" due to restrictions imposed upon him by the Florida Department of Corrections. (*Id.* at 1–2.) Service by a United States Marshal has been found appropriate "in circumstances where a plaintiff is incarcerated or where a law enforcement presence appears necessary to keep the peace." *Oliver v. City of Oceanside*, No. 16-CV-00565-BAS (JLB), 2016 WL 8730533, at *1 (S.D. Cal. July 1, 2016) (citing William W. Schwarzer et al., CAL. PRACTICE GUIDE: FED. CIV. PRO. BEFORE TRIAL ¶ 5:83 (The Rutter Group 2014)).

Accordingly, the Court finds good cause to extend the time permitted for service under Fed. R. Civ. P. 4(i)(4) and 4(m) in this case, and will direct the United States Marshal to effect service of process of Petitioner's Amended Petition (Doc. 31) upon the newly added Respondents pursuant to Fed. R. Civ. P. 4(c)(3).

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   CONCLUSION

Based on the foregoing, both Petitioner's Motion Requesting Service and Motion for Extension of Time (Docs. 34, 37) are **GRANTED**.

The Clerk of the Court is **DIRECTED** to forward a certified copy of the Court's August 9, 2022 Order Granting IFP (Doc. 5), the First Amended Petition together with its Exhibits (Docs. 30, 31), and the Amended Summons (Doc. 33), together this Order to: Civil Clerk, U.S. Marshal's Office, U.S. Courthouse, 333 West Broadway, Suite 100, San Diego, CA 92101.

Upon receipt, the U.S. Marshal is **ORDERED** to serve the copies of the First Amended Petition and Amended Summons upon newly added Respondents United States of America, U.S. Attorney General M. Garland, and the Federal Bureau of Investigation at the addresses provided by Petitioner on the USM Form 285s he has already provided in accordance with Federal Rule of Civil Procedure 4(i)(1) and 4(i)(2).

All service must be effectuated by the U.S. Marshal, and proofs of such service via waiver or otherwise must be filed with the Clerk of the Court within ninety (90) days of the date of this Order.

**IT IS SO ORDERED.**

DATE:  June 26, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE