UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE AMBERT,<br>FL DOC #A50783,<br><br>                     Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES ATTORNEY GENERAL M. GARLAND; UNITED STATES MARSHAL SERVICE; MARSHALL STEVEN C. STAFFORD; and FEDERAL BUREAU OF INVESTIGATION,<br><br>                     Respondents. | Case No.: 3:22-cv-00996-RBM-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>**[Doc. 43]** |

On February 20, 2024, Petitioner/Plaintiff Gene Ambert ("Plaintiff") filed a Motion for the Appointment of Counsel ("Motion"). (Doc. 43.) In his Motion, Plaintiff contends that this is a complex case of constitutional magnitude that requires the assignment of counsel. (*Id.* at 2.)[1] Plaintiff contends that he has "written for pro-bono counsel or [a]

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

1

para-legal with either negative or 'no response' from those contacted, including law schools." (*Id.*)  Plaintiff also contends that the law clerks at Blackwater River Correctional and Rehabilitation Facility do not have the experience to assist him and that he does not have sufficient access to the law library because he cannot check out books overnight and only gets 12 to 15 hours a month of access.[2]  (*Id.* at 2, 5–7.)  Finally, Plaintiff contends that he will be prejudiced if counsel is not assigned.  (*Id.* at 3–4.)[3]

      "Generally, a person has no right to counsel in civil actions."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).  "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"  *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  "Neither of these considerations is dispositive and instead must be viewed together."  *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding the trial court did not abuse its discretion by refusing to appoint counsel to inmate in *Bivens* action).  While federals court recognize that incarcerated pro se plaintiffs are at a disadvantage, the test is not whether a plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist.  *See Dotson v. Dr.*, No. 1:14-cv-00093-LJO-SKO (PC), 2014 WL 2208090, at *1 (E.D. Cal. May 28, 2014).

      Here, Plaintiff has filed a Petition for Writ of Mandamus as Affidavit/First Amended Complaint that appears to challenge the validity of Plaintiff's arrest(s) and various

---

[2] The Court will address Plaintiff's Motion for Access to the Institutional Law Library (Doc. 45) in a separate order.

[3] Plaintiff's bases for prejudice are unclear.  (Doc. 43 at 3–4.)

agencies' failure to provide Plaintiff with adequate and proper documentation; however, Plaintiff does not allege any recognizable causes of action. (Doc. 32 at 2–10, 19–21.) Accordingly, the Court cannot assess Plaintiff's likelihood of success on the merits. Additionally, while the Court understands that Plaintiff's incarcerated, pro se status places him at a disadvantage, prisoner pro se actions such as Plaintiff's alleging various constitutional violations related to his arrest are routine and not as complex as Plaintiff suggests. Further, Plaintiff has failed to articulate prejudice.

Based on the foregoing, the Court finds that Plaintiff has not established exceptional circumstances warranting the appointment of counsel. Accordingly, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

DATE: April 15, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE