UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE AMBERT,<br>FL DOC #A50783,<br><br>                          Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES ATTORNEY<br>GENERAL M. GARLAND; UNITED<br>STATES MARSHAL SERVICE;<br>MARSHALL STEVEN C.<br>STAFFORD; and FEDERAL BUREAU<br>OF INVESTIGATION,<br><br>                          Respondents. | Case No.:  3:22-cv-00996-RBM-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER FOR ACCESS TO INSTITUION (BRCF) LAW LIBRARY**<br><br>[Doc. 45] |

      On February 20, 2024, Petitioner/Plaintiff Gene Ambert ("Plaintiff") filed a Motion for Court Order for Access to Institution (BRCF) Law Library ("Motion"). (Doc. 45.) In his Motion, Plaintiff requests an order to ensure his "due process and constitutional right to 'access to the court' … to allow prep of basis motions in compliance with rules of the court and applicable law." (*Id.* at 2.) Plaintiff asserts that 10 hours per week constitutes reasonable access to the law library and that previous courts have found that 11 hours per week meets the standard. (*Id.*) Plaintiff argues that, as a pro se plaintiff, he requires three

1

times the number of hours as trained legal counsel to handle his case. (*Id.* at 3.) Plaintiff contends that from January 2 to February 13, 2024 he was only permitted 12 hours and 35 minutes in the law library, an average of 1.92 hours per week, to manage his three cases. (*Id.* at 5.)

"Prisoners have a constitutional right of access to courts guaranteed by the Fourteenth Amendment." *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994) (citation omitted). "Included within that right of access to courts is a prisoner's right of access to adequate law libraries or legal assistance from trained individuals." *Id.* "[T]here is no established minimum requirement for satisfying the access requirement; rather, a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Id.* (quotation omitted).

"Precedent 'does not dictate a minimum number of hours or any other requirement for satisfying the right of access.'" *Asberry v. Relevante*, Case No. 1:16-cv-01741-JLT-HBK, 2022 WL 1490613, at *1 (E.D. Cal. May 11, 2022) (quoting *Witkin v. Swarthout*, No. 2:13-cv-1931 KJN P, 2013 WL 6054451, at *2 (E.D. Cal. Nov. 15, 2013)). "'The Constitution does not guarantee a prisoner unlimited access to the law library; prison officials of necessity must regulate the time, manner and place in which library facilities are used.'" *Id.* (quoting *Harris v. Yates*, No. C 07-808 MHP (pr), 2008 WL 60406, at *2 (N.D. Cal. Jan. 3, 2008)). "'Ordinary prison limitations on ... access to the law library …' do not constitute extraordinary circumstances or make it impossible to file on time." *Cuevas v. Chappell*, Case No. 12-cv-01161-YGR (PR), 2015 WL 6735294, at *3 (N.D. Cal. Nov. 4, 2015) (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)) (finding that a limitation of less than 3 hours of law library access per week is not extraordinary on its face); *see e.g., Jackson v. Walker*, No. CIV S-06-2023 WBS GGH P, 2008 WL 822143, at *1 (E.D. Cal. Mar. 26, 2008) (finding that making generic claims about the limits and deficiencies of prison law library access does not sufficiently demonstrate that a plaintiff's right of access to the courts is being impaired *absent a present obligation to submit documents within a time certain*) (emphasis added).

  "A court may order increased access to the library only if a prisoner's current access is so deficient as to deprive him his fundamental right of access to the courts." *Baker v. Kernan*, No. CIV S-05-1669 JAM KJM P, 2008 WL 2705028, at *2 (E.D. Cal. July 9, 2008) (finding that two hours of library access per week is not "so deficient as to deprive [the plaintiff] of his fundamental right of access to the courts" when a plaintiff has not offered explanation as to why two hours per week is insufficient). Additionally, a federal court may only issue an injunction directing a facility to grant a plaintiff additional access to the facility's law library if it has personal jurisdiction over the party and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court. *Marshall v. Rain*, Civil No. 04cv403 L(WMc), 2008 WL 3851551, at *1 (S.D. Cal. Aug. 15, 2008) (finding that the district court had no authority to order a non-party medical facility to provide a plaintiff with increased library access).

  Here, Plaintiff has not alleged sufficient facts to establish that his law library access is so deficient that he has been deprived of his constitutional right to access the courts. Plaintiff admits that he has been granted access to the law library on multiple occasions and that he averages 1.92 hours per week. (*See* Doc. 45 at 5.) Plaintiff also attaches two inmate request forms in which he is granted access to the law library. (*Id.* at 6–7.) Other California courts have found that comparable access is sufficient. *See e.g., Marshall*, 2008 WL 3851551, at *1. While Plaintiff asserts that previous courts have found that 11 hours per week meets the standard, Plaintiff does not include a citation to any such case. Likewise, while Plaintiff argues that, as a pro se plaintiff, he requires three times the number of hours as trained legal counsel to handle his case, Plaintiff has not explained how he came to this determination and what, if anything, he needs to do to prepare for his case.

  The Court also notes that there are no pending motions for which Plaintiff is required to respond that would require additional library access. Absent a looming deadline, Plaintiff fails to demonstrate his right of access to the courts is being impaired. *See Jackson*, 2008 WL 822143, at *1. Finally, because BRCF is not a party to Plaintiff's

1  lawsuit, the Court may not issue an injunction requiring BRCF to grant Plaintiff additional
2  library access.  *See Marshall*, 2008 WL 3851551, at *1.
3       Based on the foregoing, Plaintiff's Motion is **DENIED**.
4      **IT IS SO ORDERED.**
5  DATE:  April 18, 2024

```
                                    _____
                                    HON. RUTH BERMUDEZ MONTENEGRO
                                    UNITED STATES DISTRICT JUDGE
```